IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL R. ADOMAITIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-1659 |
| | ) |
| ALCOA INC., BROADSPIRE SERVICES, INC., and | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **OPINION and ORDER OF COURT**

### **SYNOPSIS**

Defendants Employer, Plan Insurer and Plan Administrator seek the dismissal of a former employee's ERISA claims for denial of benefits and breach of fiduciary duties.  The employee claims that the Defendants wrongly offset his short term disability payments based upon an award of benefits he received from the Veterans Administration for a military connected disability which predated his employment with Defendant Employer.  The Motion to Dismiss the denial of benefits claim is denied as premature, as it seeks, not a review of the sufficiency of the allegations under Rule 12(b)(6), but a review of the actual decision of the administrator.  The breach of fiduciary duties claim will go forward, but the employee is precluded from seeking as relief in that claim, payment of benefits or an injunction regarding the

1

same.

## OPINION

Plaintiff Paul Adomaitis ("Adomaitis") worked for Defendant Alcoa Inc. ("Alcoa") for approximately twenty-five years before becoming disabled in 2006. During his employment he participated in Alcoa's Short Term Disability Plan ("STD") and Alcoa's Long Term Disability Plan ("LTD"). Upon becoming disabled, Adomaitis applied for STD. He was denied full benefits due to an offset.

The offset was attributed to a military service-connected disability which the Veterans Administration ("VA") had awarded Adomaitis prior to his employment with Alcoa.[1] Adomaitis timely appealed the denial of his benefits, to no avail.

Ultimately, Adomaitis initiated this action. He names as Defendants Alcoa, Broadspire Services, Inc., which was responsible for administering the STD and LTD plans, and Aetna Life Insurance Company, which provided insurance funding. He asserts two claims under ERISA. In Count I, he asserts a claim under § 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) to recover benefits due under the STD and LTD Plans, to enforce his rights under these Plans and to clarify his future rights under these Plans. In Count II, Adomaitis contends that the Defendants breached their fiduciary duties under § 404 of ERISA, in violation of 29 U.S.C. § 1104, by failing to act exclusively for his benefit and in accordance with the Plans and by discriminating against him based upon his military service.

---

[1] The award began on January 20, 1968 at $40.00, see Exhibit C attached to the Complaint, and was adjusted throughout the subsequent years.

The Defendants have filed a Motion to Dismiss. See Docket No. 9. As to the denial of benefits claim set forth in Count I, the Defendants contend that both the STD and the LTD plans permitted them to offset the VA benefits. As to the claim in Count II for breach of fiduciary duties, the Defendants urge that Adomaitis is barred from pursuing such a claim and, in the alternative, that no breach occurred.

For the reasons set forth below, the Motion to Dismiss is denied as premature as to Count I and denied as to Count II, except that Count II shall be construed so as to exclude a demand for payment of benefits and / or an injunction regarding the same.

### Standard of Review

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the Motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See

Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## Analysis

I. Count I - Denial of Benefits

>With respect to Count I, the Defendants argue that:
>
>>Plaintiff's Denial-Of-Benefits Claim Should Be Dismissed Because The Plan Administrator Acted Reasonably In Reducing Plaintiff's Benefits Under the Plan By The Amount Of His Monthly VA Disability Benefit"

See Docket No. 10, p. 5.  Thus, the Defendants are asking this Court to review, in the context of a Rule 12(b)(6) Motion, the merits of a plan administrator's decision.  A Rule 12(b)(6) Motion is designed to challenge the sufficiency of the allegations of the Complaint, not the actual decision made by a plan administrator. See Alberti v. Ron Lewis Automotive Group, Civ. No. 5-100, 2006 WL 2773254 at * 2 (W.D. Pa. Sept. 12, 2006). Here, Adomaitis has sufficiently alleged a claim under § 502(a)(1)(B), which is all that is before a Court on a Rule 12(b)(6).  It makes no difference that portions of the Plan documents and appeal decisions were attached to the Complaint.  The

Defendants are asking me to review the merits of an actual decision by a plan administrator. Rule 12(b)(6) is not the appropriate vehicle for such review. Accordingly, the Motion to Dismiss Count I is denied.

Further, even were I inclined to indulge such a request, I would be unable to resolve the issue at this juncture. There exists an issue regarding the appropriate standard of review under ERISA. I note that the STD and LTD Plans do vest the plan administrator with discretion:

> The plan administrator has the discretionary authority to determine eligibility under all provisions of the plans; correct errors, supply omissions, and reconcile inconsistencies in the plans; ensure that all benefits are paid according to the plans; interpret plan provisions for all participants and beneficiaries; and decide issues of credibility necessary to carry out and operate the plans. Benefits under the plans will be paid only if the plan administrator decides in its discretion that the applicant is entitled to them.

See STD, p. 11; LTD, p. 11. Where the administrator is given discretionary authority to determine eligibility, the court applies an "arbitrary and capricious" standard of review. Lasser v. Reliance Standard Life Ins. Co., 344 F.3d 381, 384 (3d Cir. 2003). "Under the arbitrary and capricious standard, an administrator's decision will only be overturned if it is without reason, unsupported by substantial evidence or erroneous as a matter of law ... the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits." Lasser, 344 F.3d at 384, quoting, Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 387 (3d Cir. 2000). Ordinarily, then, this standard of review would govern.

However, in both the Complaint, and the Brief in Opposition to the Motion to Dismiss, Adomaitis raises the issue of a "conflict of interest." Where a conflict of interest exists, the court is required to apply a modified arbitrary and capricious standard of review - one involving a sliding scale. Thus, the deference accorded the plan administrator's decision will depend upon the apparent seriousness of the conflict. Pinto, 214 F.3d at 391.

While, ordinarily, where an employer funds a plan and an independent third party administers the plan a conflict does not exist, see Pinto, 214 F.3d at 383, the Third Circuit court has recognized that there can be variations on this arrangement and that "[a]ny such difference might affect a district court's assessment of the incentives of an administrator / insurer and therefore affect the nature of its review." Id., p. 384 n. 3. Again, I am addressing a Motion to Dismiss. Adomaitis has alleged a conflict of interest. I am uncertain at this juncture as to whether a conflict exists, or, if one exists, at what point on the sliding scale review would be appropriate. Moreover, Adomaitis has requested to engage in discovery on the issue of the conflict of interest. Because he has sufficiently alleged a claim under Rule 12(b)(6), he is entitled to engage in such discovery.

The Motion to Dismiss Count I is denied.

II. Count II - Breach of Fiduciary Duty[2]

In Count II, Adomaitis contends that the Defendants breached their fiduciary

---

[2] Because I have declined to determine, at this juncture, whether the plan administrator's determination violated the appropriate standard of review, I cannot address the Defendants' alternate argument that there was no actual breach of fiduciary duties because the plan administrators reasonably interpreted and applied the Plan's offset provision.

duties in violation of 29 U.S.C. § 1104. He seeks, as relief for this breach, an injunction compelling the Defendants to pay STD and LTD disability benefits properly due and owing to him, and disgorgement of unjust enrichment consisting apparently of the premiums which Adomaitis contends he overpaid during his years of employment with Alcoa, as well as other relief such as costs and fees. See Complaint, p. 6.  Citing to the Supreme Court's decision in Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065 (1996), the Defendants seek the dismissal of Count II, alleging that, because Adomaitis can obtain adequate relief, if indeed entitled, under § 502(a)(1)(B), he cannot pursue a claim for breach of fiduciary duty.

Adomaitis states that he "agrees that the seminal case of *Varity Corporation v. Howe*, ... does not allow a 'double dip.'" See Docket No. 20, p. 6.[3]  Based upon this concession, and Varity and its progeny, the Defendants' Motion to Dismiss Count II is granted insofar as Adomaitis is precluded from recovering as damages in his breach of fiduciary duty claim an award of his short and long term disability benefits (or an injunction from the Court compelling the same).

However, this does not dispose entirely of the claim because, as set forth above, Adomaitis also requests "disgorgement of unjust enrichment." He urges that, should the offset be upheld, then he should be entitled to a return of a portion of the premiums which he claims he unwittingly overpaid during his employment at

---

[3] I must express my dissatisfaction, as a whole, with Adomaitis's Brief in Opposition.  His Brief was filed five days late and only then because of a phone call from the Court.  The Brief contains little in the way of substantive analysis. Indeed, Adomaitis's entire response to the Defendants' argument in this regard consists of two sentences, with absolutely no citation to authority in support of his proposition that dismissal would be inappropriate.  I expect that any future briefing by Adomaitis will be timely and thorough.

7

Alcoa. I consider this to be akin to a request for restitution, and something which is an appropriate request for equitable relief. See <u>Ream v. Frey</u>, 107 F.3d 147, 153 n. 5 (3d Cir. 1997). If Adomaitis's breach of fiduciary duty claim is treated as one seeking, as he states in his Brief in Opposition, a "refund of his premiums," <u>see</u> Docket No. 20, p. 6, then this claim necessarily is asserted in the alternative to Count I and there can be no double dipping. It succeeds only if and because Adomaitis's claim for denial of benefits fails. Consequently, at this juncture, I am not prepared to dismiss this portion of the claim. The breach of fiduciary duty claim will go forward provided that any recovery shall not include the payment of STD and / or LTD benefits. The denial is without prejudice for the Defendants to address this issue again in the context of a summary judgment motion.

<u>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*</u>

### **ORDER OF COURT**

AND NOW this **15th** day of March, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. 9) is DENIED in its entirety, except that the claim for breach of fiduciary duties set forth in Count II shall be construed so as to exclude, in its demand for relief, the payment of benefits under the short term disability plan

and/or the long term disability plan, or an injunction concerning the payment of an award under either plan.

It is further ORDERED that the Motion to Treat Defendants' Motion to Dismiss as Conceded (Docket No. 17) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge